M.M. v New York City Health & Hosp. Corp. (2019 NY Slip Op 06860)





M.M. v New York City Health & Hosp. Corp.


2019 NY Slip Op 06860


Decided on September 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 26, 2019

Friedman, J.P., Renwick, Tom, Gesmer, Oing, JJ.


9918 27080/16E

[*1]M.M., an Infant by His Parent and Natural Guardian, Tesser A., Plaintiff-Appellant,
v
New York City Health and Hospitals Corporation, et al., Defendants-Respondents.


Akin Law Group, PLLC, New York (Gulsah Senol of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for respondents.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered November 14, 2017, which denied plaintiff's motion for leave to file a late notice of claim pursuant to General Municipal Law § 50-e, and granted defendants' cross motion to dismiss the complaint, unanimously affirmed, without costs.
The motion court did not abuse its discretion in denying plaintiff leave to file a late notice of claim, because defendant's records alone, on their face, do not evince that its acts or omissions inflicted plaintiff's injuries (see Webb v New York City Health & Hosps. Corp., 50 AD3d 265 [1st Dept 2008]). Contrary to plaintiff's contention, there is nothing in the record that supports the assumption that he should have been delivered by Caesarian section, including the fact that he was considered large for his gestational age, and he did not submit an affidavit from a medical expert (see Wally G. v New York City Health & Hosps. Corp. [Metro. Hosp.], 27 NY3d 672, 677 [2016]; Matter of Kelley v New York City Health & Hosps. Corp., 76 AD3d 824, 828 [1st Dept 2010]).
Furthermore, plaintiff failed to meet his burden to show that defendants would not be substantially prejudiced, as a result of his nine-year delay in seeking leave to file a late notice of claim, in defending against the action on the merits. The hospital records available to defendants did not alert them to a claim of malpractice and thus could not, ipso facto, establish a lack of prejudice (see Kelley, 76 AD3d at 828). Plaintiff also does not dispute that the handwritten records pertaining to the events that give rise to his medical malpractice claims, including the prenatal care record, labor and delivery notes, the recovery notes and the obstetrics physicians post-partum progress notes, were destroyed in a fire on January 31, 2015 (about one year, 10 months before the instant leave application was filed) (see Matter of Sica v Board of Educ. of City of N.Y., 226 AD2d 542, 543 [1996]). Under these circumstances, Supreme Court did not abuse its discretion in finding defendants have been substantially prejudiced, despite the availability of electronic records, because there is no dispute that those records do not set forth who provided medical treatment to plaintiff and his mother or what treatments were rendered.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 26, 2019
CLERK